IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY CROCKETT )
)
v. ) NO: 3:16-2059
)
KIZZY HAWKINS, et al. )

**O R D E R**

Plaintiff's motion (Docket Entry No. 26) for the appointment of counsel is DENIED. The appointment of counsel in a civil case is not a constitutional right and there is no duty to appoint counsel to represent an indigent plaintiff in a civil action. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Willit v. Wells*, 469 F.Supp. 748, 751 (E.D. Tenn. 1977). Furthermore, although the Court has discretion in deciding whether to appoint counsel in such cases, it is well settled that appointment should be allowed only in exceptional cases. *Lanier*, *supra*; *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). Although Plaintiff has set out circumstances personal to his situation as a *pro se* and incarcerated litigant that may create difficulties for him in litigating the case, these difficulties do not rise to the level of exceptional circumstances, and the denial of counsel will not result in any fundamental unfairness to Plaintiff. There has been no showing that counsel is necessary to present meritorious issues to the Court. *See Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

Any party desiring to object to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review

must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

2