IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY CROCKETT )
)
v. ) NO. 3:16-2059
)
KIZZY HAWKINS, et al. )

TO: Honorable Gershwin A. Drain, District Judge

# REPORT AND RECOMMENDATION

By Order entered September 29, 2016 (Docket Entry No. 8), the Court referred this action to the Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment of Defendants Wendy Ashe, Kizzy Hawkins, and Anita Jenkins (Docket Entry No. 28), to which Plaintiff has responded in opposition. *See* Docket Entry Nos. 36 and 41. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that this action be dismissed.

## I. BACKGROUND

Corey Crockett ("Plaintiff") is an inmate within the custody of the Tennessee Department of Correction ("TDOC") and is currently confined at the Metro-Davidson County Detention Facility ("MDCDF") in Nashville, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on August 1, 2016, alleging that his federal constitutional rights were violated at the MDCDF and seeking relief under 42 U.S.C. § 1983. In the order of referral, the Court dismissed claims brought

against three wardens at the MDCDF but found that Plaintiff stated colorable constitutional claims against five MDCDF employees: case manager Kizzy Hawkins ("Hawkins"); disciplinary hearing officer f/n/u Cato; disciplinary hearing officer Anita Jenkins ("Jenkins"); medical supervisor Wendy Ashe ("Ashe"); and nurse f/n/u Burrells. *See* Docket No. 8 at 2-3.

Plaintiff brings three separate claims. First, he claims that he suffered cruel and unusual punishment in July 2016 when he was placed on "sack lunch" diet for approximately 14 days as a restriction after he beat on his cell door with a food tray. *See* Complaint (Docket Entry No. 1) at 5 and 8-9. He contends that each of the three meals a day that he received during this period consisted of two cold bologna sandwiches, a bag of stale chips, and cake at each meal and that he should have been given a "styrofoam tray" diet, which would have provided him with hot meals of a different variety. *Id*. He alleges that his stomach hurt after eating the same meal for several days in a row. *Id*. He implicates Defendant Hawkins in this claim. Second, Plaintiff claims that he was discriminated against, treated with deliberate indifference, and that due process and federal and state laws were violated because disciplinary proceedings brought against him in June and July 2016 were procedurally inadequate and improper. *Id*. at 10-11. Plaintiff implicates Defendants Cato and Jenkins in this claim. Finally, Plaintiff claims that he was subjected to cruel and unusual punishment because his medical complaints were not adequately responded to from May to July 2016. *Id*. at 12-13. He implicates Defendants Burrells, Ashe, and Jenkins in this claim.

Although Defendants Hawkins, Jenkins, and Ashe have appeared and defended the action, Plaintiff failed to return a completed service packet for Cato and the status of service of process upon Defendant Burrells is unclear from the record. Upon the filing of an answer (Docket Entry No. 24)

by Defendants Ashe, Hawkins, and Jenkins, a scheduling order was entered to provide the parties with a time period for pretrial activity in the action. *See* Docket Entry No. 25.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

In their motion for summary judgment, Defendants Ashe, Hawkins, and Jenkins (hereinafter referred to collectively as "Defendants") raise several arguments for dismissal. *See* Memorandum in Support (Docket Entry No. 29). First, they argue that Plaintiff has not properly exhausted his claims as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e. Additionally, Defendants Ashe and Hawkins argue that they were not personally involved in the events at issue in the claims brought against them and, thus, cannot be held liable under Section 1983 based upon their supervisory duties. Defendants further argue that Plaintiff's Eighth Amendment cruel and unusual punishment claims warrant dismissal because the undisputed evidence shows that, 1) Plaintiff was provided with nutritionally adequate meals via the "sack lunches" meals, and, 2) Plaintiff was provided with appropriate medical treatment for his complaints. Defendant Jenkins argues that Plaintiff's due process claim against her based on the disciplinary proceedings warrants dismissal because the disciplinary proceeding in which she was involved resulted in only a loss of recreation time for Plaintiff, which she contends is not the type of deprivation that implicates constitutional due process protections. Finally, Defendants assert that Plaintiff has not shown that he suffered a physical injury that was more than *de minimis*. In support of their motion, Defendants rely upon their own declarations, *see* Docket Entry Nos. 30, 32, and 33, as well as the declaration of CoreCivic employee Phederica Dean. *See* Docket Entry No. 31.

3

In response, Plaintiff disputes that he failed to file a grievance about the matters at issue and contends that the grievance he filed was deemed "non grievable" by a prison official, prompting him to proceed with filing this lawsuit. *See* Response in Opposition (Docket Entry No. 36) at 2. Plaintiff also disputes Defendant Jenkins' account of the process he received at his disciplinary proceeding and asserts that he has a disciplinary form he would like to submit. *Id.* at 1-2. Finally, Plaintiff disputes Defendant Hawkins' contention that she was not involved in the "sack lunch" restriction, and he reiterates his beliefs that he should have been placed on a "styrofoam diet" and that serving him a cold sack lunch for two consecutive seven day periods is cruel and unusual punishment. *Id*. at 2; and Response (Docket Entry No. 41).

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the

motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

## IV. CONCLUSIONS

Although Plaintiff's allegations were sufficient to permit his claims to survive initial review under 28 U.S.C. §§ 1915(e)(2), at this stage of the proceedings there is insufficient evidence before the Court supporting Plaintiff's claims and requiring a trial on his claims. Plaintiff's *pro se* status does not relieve him of the obligation to rebut the motion for summary judgment by setting forth admissible evidence showing that genuine issues of material fact exist on his claims. *See Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). He has not satisfied this threshold obligation. Accordingly, summary judgment should be granted to Defendants, and this action should be dismissed.

A. Exhaustion Defense

Plaintiff's lawsuit should be dismissed in its entirety because of Plaintiff's failure to exhaust his administrative remedies prior to bringing the lawsuit. The PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. *Porter v. Nussle*, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Once the defense of failure to exhaust is raised, a prisoner plaintiff must present evidence to show that he has complied with the requirements of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218 (6th Cir. 2011). To establish exhaustion, a prisoner plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999).

Defendants have set forth evidence that a grievance procedure is available to inmates at the MDCDF and that, although Plaintiff filed several informal resolutions related to the claims at issue, he never filed and pursued a formal grievance about his claims. *See* Declaration of Phederica Dean (Docket Entry No. 31). It is Plaintiff's burden to rebut Defendants' evidence. *See Napier*, *supra*. Although Plaintiff asserts that he initiated a grievance but did not pursue it any further and, instead, filed this lawsuit after he was informed that the matter was not grievable, *see* Response at 2, his assertion is not sufficient to meet his burden. First, his response is not supported by a sworn

statement, and his unsupported factual assertions cannot be considered as evidence in his favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991). Second, he states in his response that he chose not to pursue the full grievance process because he believed it was a "waste of time." *See* Response at 2. However, there is no futility exception to the exhaustion requirement, *Booth*, 532 U.S. at 741 n.6; *Napier*, 636 F.3d at 222, and a prisoner plaintiff cannot abandon the grievance process prior to filing a lawsuit. Finally, Plaintiff's own response suggests that the grievance he initiated but abandoned pertained only to the sack lunch and/or disciplinary proceedings claims and was not directed at his lack of medical care claim and, thus, there does not appear to have been an attempt by Plaintiff to exhaust this claim.

B. Merits of Plaintiff's Claims

Regardless of the PLRA's exhaustion defense, Defendants would nonetheless be entitled to summary judgment in their favor on the merits of Plaintiff's claims. Even when viewed in the light most favorable to Plaintiff, the evidence before the Court would not permit a reasonable jury to conclude that Plaintiff suffered a violation of his constitutional rights. Any factual disputes that exist do not rise to the level of genuine issues of material fact that require this action to be tried by a jury.

Plaintiff's complaint about being served cold sack lunches consisting of the same food for two weeks does not rise to the level of a constitutional claim. The Eighth Amendment is not violated by prison conditions that are harsh, *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), and "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth

Amendment," *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). A Section 1983 claim premised upon allegations that living conditions violate the Eighth Amendment's prohibition against cruel and unusual punishment must be supported by a showing that the inmate was subjected to severe conditions of confinement which deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, *supra* at 347. This standard is a high threshold and is simply not satisfied in the instant action by Plaintiff's allegation that he was served unsavory sack lunches for a two week period. There is no evidence before the Court that the meals Plaintiff received were nutritionally insufficient to sustain normal human health. *See Cunningham v. Jones*, 567 F.2d 653 (6th Cir. 1977).

Likewise, Plaintiff's complaint about inadequate medical care fails to evidence a constitutional violation. Plaintiff must show more than a mere disagreement with the type, manner, or adequacy of the care he was provided at the MDCDF. He must show: 1) that he had an objectively serious medical need, *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); and 2) that the prison official sued had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). *See also Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This is a high standard and is not satisfied by a showing of negligence or even medical malpractice. *Estelle*, 429 U.S. at 105; *Comstock*, 273 F.3d at 702. Defendants have submitted evidence that Plaintiff's medical complaints were not ignored by the medical staff. *See* Declaration of Ashe (Docket Entry No. 30). This evidence is unrebutted, and there is no evidence before the Court that shows that Plaintiff's medical needs rose to the level of being serious medical needs and that any decision made with respect to Plaintiff's medical needs was

colored by deliberate indifference. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Finally, Plaintiff's attempt to create a constitutional claim out of the disciplinary proceedings brought against him is fruitless. The Fourteenth Amendment's Due Process Clause is not implicated by every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that a prisoner is entitled to the protections of due process only when the complained about deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Without a protected liberty interest, a prisoner-plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Plaintiff's short term placement in segregation does not rise to the level implicating due process. *See Sandin*, 515 U.S. at 484; *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir.1998); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.), *cert. denied*, 522 U.S. 848, 118 S.Ct. 136, 139 L.Ed.2d 84 (1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Additionally, Defendants have submitted unrebutted evidence that the results of the disciplinary proceeding in which Defendant Jenkins was involved resulted in only the loss of recreation privileges for 15 days. *See* Declaration of Jenkins (Docket Entry No. 33). Such a consequence is not an atypical and significant hardship that implicates due process protections. Further, Plaintiff fails to state a claim under Section 1983 based upon allegations that a prison

9

official failed to comply with internal prison policies. *See Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 240 (6th Cir. 1992).

# R E C O M M E N D A T I O N

For the reasons set out above, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 28) of Defendants Wendy Ashe, Kizzy Hawkins, and Anita Jenkins be GRANTED and this action be DISMISSED WITH PREJUDICE as to all claims and Defendants.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] Although Defendants Cato and Burrells were not parties to the motion for summary judgment, Plaintiff's failure to comply with the PLRA's exhaustion requirement and the lack of evidentiary support for Plaintiff's underlying constitutional claims warrants dismissal of the action in its entirety as to all Defendants. Additionally, this Report and Recommendation gives Plaintiff notice of the recommended dismissal of the entire case.