UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY CROCKETT,

        Plaintiff,

v.

Case No.: 3:16-cv-02059
Honorable Gershwin A. Drain
Sitting By Special Designation

KIZZY HAWKINS, *et al.,*

        Defendant.

_____/

**ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION [#42], GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#28], OVERRULING PLAINTIFF'S OBJECTIONS [#43] AND DISMISSING ACTION**

**I.    INTRODUCTION**

On August 1, 2016, Plaintiff, a prisoner currently confined at the Metro-Davidson County Detention Facility ("Detention Facility") in Nashville, Tennessee, filed the instant 42 U.S.C. § 1983 action alleging his Eighth and Fourteenth Amendment rights have been violated by the Defendants. Defendants are employees of Corrections Corporation of America, now known as CoreCivic, Inc. ("CoreCivic"), which operates the Detention Facility.

Plaintiff's claims stem from discipline he received in July of 2016 wherein he was placed on "sack lunches" for roughly two weeks when he slammed his

meal tray against the cell door. Plaintiff claims these "sack lunches" always contained two bologna sandwiches, a bag of chips and cake and that his consumption of the same meal day in and day out caused him to suffer stomach aches. Plaintiff also claims that additional disciplinary proceedings in 2016 for separate conduct were procedurally inadequate and improper. Lastly, he asserts that his medical complaints were not adequately responded to from May through July of 2016.

This matter was referred to Magistrate Judge Barbara D. Holmes for all pretrial matters pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure. On April 20, 2017, the Defendants filed a Motion for Summary Judgment. Plaintiff filed a Response in Opposition on May 16, 2017, and Defendants filed a Reply on May 25, 2017.

Presently before the Court is Magistrate Judge Holmes' Report and Recommendation, filed on July 6, 2017. Magistrate Judge Holmes recommends that the Court grant the Defendants' Motion for Summary Judgment and dismiss this action in its entirety. Plaintiff filed his Objections to the Report and Recommendation on July 17, 2017, and Defendants filed a Response to Plaintiff's Objections on July 27, 2017.

For the reasons that follow, the Court will accept in part Magistrate Judge Holmes' Report and Recommendation, will grant the Defendants' Motion for

Summary Judgment, and will dismiss this action. Specifically, the Court will accept the Magistrate Judge's Report and Recommendation as it relates to her recommendation concerning exhaustion of administrative remedies on Plaintiff's medical care claim, as well as her conclusion that Plaintiff has failed to show any genuine issues of material fact exist as to his constitutional claims.

## II. LAW & ANALYSIS

### A. Standard of Review

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

### B. Objection #1 – Exhaustion of Administrative Remedies

In her Report and Recommendation, the Magistrate Judge concludes that Plaintiff's Complaint is subject to dismissal because he failed to exhaust his administrative remedies prior to filing suit.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

CoreCivic has an administrative grievance system that enables inmates to seek redress for issues relating to the conditions of their confinement. *See* Dec. of Phederica Dean, Ex. A, CoreCivic Policy 14-05. Prior to the submission of a formal grievance, inmates are required to submit a 14-5A Informal Resolution form within seven calendar days of the incident giving rise to the grievance. *Id.* at Pg ID 195-96. If the inmate is dissatisfied with the response to the 14-5A Informal Resolution grievance, the inmate must initiate a formal grievance 14-5B form within five days of receiving the Informal Resolution response. *Id.* at Pg ID 197-98. If the inmate is dissatisfied with the response to his formal grievance 14-5B form, he may file an appeal within five days of receiving the response. *Id.* at Pg ID 199.

The CoreCivic administrative grievance system also provides that certain matters are "<u>not</u> grievable . . . through these grievance procedures: . . . [d]isciplinary actions . . . ." *Id.* at Pg ID 193 (emphasis in original).

In their Motion for Summary Judgment, the Defendants asserted that while Plaintiff filed several informal grievances relative to his constitutional claims, he never filed and pursued a formal grievance about his claims. In response, Plaintiff argued that he initiated the grievance process but was informed the matter was non-grievable. The Magistrate Judge correctly noted that Plaintiff failed to support his argument with evidence showing he initiated the formal grievance process;

4

therefore he failed to meet his burden showing he completed one round of the CoreCivic established grievance procedure. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006) (plaintiff-prisoner must show he presented his grievance through "one complete round" or through all the steps of the administrative grievance procedure.)

In his objections, Plaintiff includes a copy of the formal grievance he submitted concerning his discipline of "sack lunches" and inadequate medical care. *See* Plf.'s Objs. at Pg ID 302. This document was not previously submitted, thus the Magistrate Judge could not consider it when rendering her decision. Generally, a court will not disturb a magistrate judge's decision on the basis of arguments not presented to her. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Plaintiff should have included a copy of the formal grievance in his response in opposition to the Defendants' Motion for Summary Judgment.

Notwithstanding Plaintiff's failure to submit a copy of his formal grievance during the available briefing period on the Defendants' Motion for Summary Judgment, the Court will address Plaintiff's objection concerning exhaustion. The Magistrate Judge did consider Plaintiff's argument that he did not pursue his grievance further because he was told it was not grievable and believed continuing with the process was a waste of time because he could not "grieve it within the

facility."

A prisoner need only exhaust such administrative remedies as are available. *Ross v. Blake*, 136 S.Ct. 1850, 1858, 195 L. Ed.2d 117 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones."). Contrary to the Defendants' assertion and the Magistrate Judge's conclusion, Plaintiff had no available administrative remedies because his grievance concerning disciplinary action was not grievable under the CoreCivic grievance policy. *See* Dec. Phederica Dean, Ex A., CoreCivic Policy 14-05 at Pg ID 193 (providing that certain matters are "<u>not</u> grievable . . . through these grievance procedures: . . . [d]isciplinary actions . . . .") (emphasis in original). An inmate is not required to exhaust administrative remedies regarding non-grievable issues. *Ross*, 136 S.Ct at 1858-62*; Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006) ("a prisoner is not required to pursue a remedy where the prison system has an across-the-board policy declining to utilize that remedy for the type of claim raised by the prisoner."); *Chandler v. Hawkins*, 2017, No. 5:16-cv-00079-TBR, 2017 U.S. Dist. LEXIS 52740, *4-5 (W.D. Ky. Apr. 6, 2017).

While it would appear that only Plaintiff's issue concerning his discipline and disciplinary hearing would be non-grievable under CoreCivic Policy 14-05, Plaintiff's claim relative to purported inadequate medical care was grievable under prison policy. Yet, the entire formal grievance was returned as "non-grievable."

6

Under such circumstances, Plaintiff might have a compelling argument that exhaustion on his medical care claim was likewise unavailable because prison staff hindered exhaustion by failing to follow the CoreCivic grievance procedure. However, the Court need not resolve this issue because the Court agrees with Magistrate Judge Holmes that Plaintiff has failed to establish questions of material fact exist concerning whether the Defendants violated his Eighth and Fourteenth Amendment rights. Therefore, even if the Court were to conclude Plaintiff could not exhaust his available administrative remedies, his claims are still subject to dismissal under Rule 56 of the Federal Rules of Civil Procedure.

### C. Objection #2 -- Merits

The Magistrate Judge also concluded that Plaintiff has failed to demonstrate material questions of fact exist as to his constitutional claims, thus Defendants are entitled to summary judgment in their favor. As an initial matter, the Court notes that Plaintiff does not raise any objection to the Magistrate Judge's conclusion concerning the merits of his inadequate medical care claim. Thus, the Court need not address this claim further. *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; [these] officials must ensure that inmates receive adequate food, shelter, medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825,

832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). A prisoner alleging an Eighth Amendment claim must show that (1) the deprivation is sufficiently serious; "a prison official's act or omission must result in the denial of minimal civilized measure of life's necessities[,]" and (2) the prison official's state of mind must be "deliberately indifferen[t] to inmate health or safety." *Id*.

Plaintiff has failed to come forward with any evidence suggesting that two weeks of cold "sack lunches" denied him minimal civilized measure of life's necessities. While prisoners must receive food of adequate nutrition, this requirement does not encompass a certain number of hot meals per day. *See Newsom v. Hall*, No. 3:12-cv-811, 2012 U.S. Dist. LEXIS 116140, *8 (M.D. Tenn. Aug. 17, 2012) (noting that "[t]he occasional deprivation of a hot meal is not a deprivation that triggers Eighth Amendment scrutiny.")

As to Plaintiff's Fourteenth Amendment due process claim stemming from a disciplinary hearing in 2016, this claim is likewise subject to summary judgment in favor of the Defendants. A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Unless placement in disciplinary confinement is for a significant period of time that presents unusual hardship on an inmate or is accompanied by a withdrawal of good time credits, no liberty interest

will be found. *Id*. at 484.

Here, the evidence before the Court reveals that Plaintiff did not lose any good time credits or suffer any other disciplinary action other than a fifteen day recreation restriction. This does not give rise to a liberty interest protected by the Fourteenth Amendment. *Sanchez v. Allen*, 611 F. App'x 792, 794 (5th Cir. Apr. 23, 2015); *Park v. Morgan*, No. 1:15-cv-182, 2015 WL 1637168, *3-4 (S.D. Ohio Apr. 10, 2015) (finding no constitutional violation because a sixty-day recreation restriction did not amount to a protected liberty interest).

## III. CONCLUSION

Accordingly, for the reasons articulated above, Magistrate Judge Barbara D. Holmes' Report and Recommendation [#42], dated July 6, 2017, is ACCEPTED IN PART.

Plaintiff's objections [#43] are OVERRULED.

Defendants' Motion for Summary Judgment [#28] is GRANTED.

This cause of action is dismissed.

SO ORDERED.

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge
Sitting By Special Designation